1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                     * * *

7   UNITED STATES OF AMERICA FOR THE          Case No. 2:21-CV-1681 JCM (BNW)
    USE AND BENEFIT OF COMPLETE DEMO
8   SERVICES,                                              ORDER

9                            Plaintiff(s),

10       v.

11  MUL.TI-CORP RESOURCES, INC., et al,

12                           Defendant(s).

13

14          Presently before the court is cross-defendant Hudson Insurance Company's ("Hudson")

15  motion to dismiss.  (ECF No. 41).  Cross-plaintiff Multi-Corp Resources, Inc. ("Multi-Corp")

16  filed a response (ECF No. 44), to which Hudson replied (ECF No. 45).

17          Also before the court is Hudson's motion to supplement its reply.  (ECF No. 46).  Multi-

18  Corp did not respond, and the time to do so has passed.[1]

19  **I.      Background**

20          This matter arises from Multi-Corp's contract with the United States Army Corps of

21  Engineers to demolish and remediate sites at the Nellis Air Force Base and the Creech Air Force

22  Base, both in Clark County, Nevada.  (ECF No. 41 at 3).  In February of 2020, Multi-Corp

23  entered into a subcontract with plaintiff Complete Demo Services ("CDS") to perform work on

24  the project.  (*Id*.).  However, in March of 2021, Multi-Corp terminated CDS under the

25  subcontract for failure to complete its work at either site.  (ECF No. 44 at 2, 4).  Here, CDS,

26

27

28

_____

        [1] Accordingly, Hudson's motion to supplement reply is GRANTED.

**James C. Mahan**
**U.S. District Judge**

1  through the United States of America, has sued Multi-Corp to recover under the contract.  (*See*
2  ECF No. 1).

3       Multi-Corp's cross-claim against Hudson arises from Hudson's contractor's surety bond
4  for CDS.  (ECF No. 36 at 11).  In 2014, Hudson issued a contractor's surety bond pursuant to
5  Nevada Revised Statute ("NRS") 624.  (ECF No. 41 at 4).  Multi-Corp seeks to enforce and
6  foreclose on that bond up to the full penal amount of $30,000.  (*See* ECF No. 36 at 12–13).
7  Hudson now moves to dismiss Multi-Corp's claim against it for failure to state a claim.  (ECF
8  No. 41).

9  **II.    Legal Standard**

10      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief
11  can be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short
12  and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P.
13  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not
14  require detailed factual allegations, it demands "more than labels and conclusions" or a
15  "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
16  (2009) (citation omitted).

17      "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
18  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual
19  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation
20  omitted).

21      In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
22  when considering motions to dismiss.  First, the court must accept as true all well-pled factual
23  allegations in the complaint; however, legal conclusions are not entitled to the assumption of
24  truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by
25  conclusory statements, do not suffice.  *Id.*

26      Second, the court must consider whether the complaint's factual allegations allege a
27  plausible relief claim.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

28

**James C. Mahan**
**U.S. District Judge**

1    alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

2    the alleged misconduct. *Id.* at 678.

3           Where the complaint does not permit the court to infer more than the mere possibility of

4    misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to

5    relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from

6    conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

7    **III.    Discussion**

8           Hudson argues that Multi-Corp fails to state a claim against it because the underlying

9    subcontract is for work on federal land and the bond does not apply to damages from such

10   projects. (ECF No. 41 at 6). Multi-Corp argues that nothing in NRS 624 or in the bond

11   specifically precludes such recovery. (ECF No. 44 at 3). The court agrees with Hudson.

12          "A bond given which is required by statute is deemed to be a statutory bond, and as such,

13   the statutory provisions must be read into the bond and are operative by force of the statute

14   without recitation of them in the bond." *Capriotti, Lemon & Associates, Inc. v. Johnson Serv.*

15   *Co*., 440 P.2d 386, 387 (Nev. 1968). Here, Hudson's bond is required under NRS 624.270[2] and

16   is made in favor of the State of Nevada for the benefit of the same persons listed in NRS

17   624.273.[3] Therefore, it is a statutory bond subject to the provisions of NRS 624.

18          NRS 624.031(9) provides that

19                 The provisions of the chapter [NRS 624] do not apply to . . . [t]he
                   construction, alteration, improvement, or repair financed in whole or in part by
20                 the Federal Government and conducted with the limits and boundaries of a site or
                   reservation, the title of which rests in the Federal Government.

21          Here, the United States Army Corps of Engineers financed Multi-Corp's primary contract

22   for construction to be conducted within the boundaries of two military bases, the title of which

23   _____

24          [2] NRS 624.270 requires that any applicant seeking a contractor's license must file a
25   surety bond executed by the contractor and qualifying surety corporation.

26          [3] Specifically, "for the benefit of any person who: (a) [a]s owner of the property to be
     improved entered into a construction contract with the contractor and is damaged by failure of
27   the contractor to perform the contract or to remove liens filed against the property; (b) [a]s an
     employee of the contractor performed labor on or about the site of the construction covered by
28   the contract; (c) [a]s a supplier or materialman furnished materials or equipment for the
     construction covered by the contract; or (d) [i]s injured by any unlawful act or omission of the
     contractor in the performance of a contract." NRS 624.273(1).

James C. Mahan
U.S. District Judge                                              - 3 -

rest in the federal government.  (*See* ECF Nos. 36 at 11–12; 41 at 4–5).[4]  Therefore, the provisions of NRS 624 do not apply to the contract or CDS's subcontract for the same work.

Accordingly, Hudson's bond is exempt from Multi-Corp's claim as pleaded.  Multi-Corp alleges that it is "entitled to make a claim against the surety bond as the claims arise out of the failure of CDS to perform work pursuant to its Nevada Contractor's license."  Yet, the authority to bring such a suit is provided for by NRS 624.273.  *Id.* ("Any person claiming against the bond or deposit may bring an action in a court of competent jurisdiction on the bond or against the Board on the deposit for the amount of damage the person has suffered to the extent covered by the bond or deposit.").  As that statutory authority does not apply to the subcontract, it does not entitle Multi-Corp to pursue its statutory claim.

Multi-Corp also argues that the bond "provides coverage for any person having a valid claim who is injured by any omission of the contractor in the performance of a contract."  (ECF No. 44 at 3).  Multi-Corp ignores that the full language of the bond—which is identical to the language of NRS 624.273(d)—provides that it is made in favor of "any person having a valid claim who . . . [i]s injured by any <u>unlawful</u> act or omission of the contractor in the performance of a contract."  (*See* ECF No. 44-1 at 2).[5]

The Supreme Court of Nevada has held that "[t]he 'unlawful act or omission' mentioned in NRS 624.273(1) is referable to acts or omissions declared by ch. 624 to be unlawful."  *Day & Night Mfg. Co. v. Fid. & Cas. Co. of New York*, 452 P.2d 906, 908 (Nev. 1969), *overruled on other grounds by statute as recognized in Balboa Ins. Co. v. S. Distributors Corp.*, 710 P.2d 725 (Nev. 1985).  Thus, absent language specifically extending the bond's coverage, recovery on the bond is limited to circumstances deemed unlawful by statute.  *See id.*  Here, no such language broadens the coverage of the bond, and no "unlawful" conduct, as defined by NRS 624, occurred because its provisions do not apply to work on federal lands.

---

[4] The court takes judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[5] Multi-Corp refers extensively to the bond in its cross-complaint and neither party disputes the accuracy of the bond as attached to Multi-Corp's motion.  Thus, the court incorporates the bond by reference to Multi-Corp's cross-complaint.

1   Consequently, Multi-Corp could not have been injured by CDS's alleged "unlawful act or

2   omission" under chapter 624.  Therefore, the court GRANTS Hudson's motion to dismiss Multi-

3   Corp's statutory bond claim against it, with prejudice.

4   **IV.   CONCLUSION**

5   Accordingly,

6   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

7   dismiss (ECF No. 41) be, and the same hereby is, GRANTED.  Multi-Corp's claim against

8   Hudson is DISMISSED, with prejudice.

9   IT IS FURTHER ORDERED that Hudson's motion to supplement its reply (ECF No. 46)

10   be, and the same hereby is, GRANTED.

11   DATED July 6, 2022.

12

13   _____
     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge

- 5 -